IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| MARK CARMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PORTSMOUTH REDEVELOPMENT AND HOUSING AUTHORITY<br><br>Defendant. | Case No: 2:22-cv-313 |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Mark Carman ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for his Original Complaint—Collective Action against Portsmouth Redevelopment and Housing Authority ("Defendant"), states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Virginia Overtime Wage Act, Va. Code Ann. § 40.1-29.2, *et seq.* (the "VOWA"), and Va. Code Ann. § 40.1-28.7:7 (collectively with the VOWA, "the Virginia statutes").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff sufficient wages under the FLSA and the VOWA within the applicable statutory limitations period.

3. Plaintiff seeks declaratory judgment, monetary damages, costs and a reasonable attorneys' fee as a result of Defendants misclassification of his employment as an independent contractor within the applicable statutory limitations period.

4. Within the three years prior to the filing hereof, Defendant has willfully and intentionally committed violations of the FLSA and the VOWA as described, *infra*.

## II.   JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Virginia has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Plaintiff's claims under the Virginia statutes form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's Virginia state law claims pursuant to 28 U.S.C. § 1367(a).

7. Defendant conducts business within the Commonwealth of Virginia.

8. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the Commonwealth of Virginia has personal jurisdiction over Defendant, and Defendant therefore "resides" in Virginia.

9. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiff within the Norfolk Division of the Eastern District of Virginia. Therefore, venue is proper pursuant to 28 U.S.C. § 1391 and Eastern District of Virginia Local Rules 2(a)(5) and 2(b).

## III.   THE PARTIES

10. Plaintiff is an individual and resident of Portsmouth.

11. Defendant is a state housing authority.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13. Defendant had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

14. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

15. Defendant is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203(d).

16. Defendant is an "employer" within the meanings set forth in the FLSA and Virginia statutes, and was, at all times relevant to this Complaint, Plaintiff's employer.

17. Plaintiff used instrumentalities of interstate commerce, such as the internet and his cell phone, in the course of his duties.

18. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the Virginia statutes.

19. Plaintiff worked for Defendant as a Security Officer from June of 2021 until May of 2022.

20. Defendant also employed other Security Officers in the three years preceding the filing of this Complaint.

21. Plaintiff's primary duties were to patrol Defendant's Section 8 properties, make arrests and run background checks.

22. Other Security Officers had the same or similar job duties as Plaintiff.

23. At all relevant times herein, Defendants directly hired Plaintiff and other Security Officers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24. Until February of 2022, Defendant classified Plaintiff as an independent contractor, exempt from the overtime requirements of the FLSA.

25. Defendant also classified other Security Officers as independent contractors, exempt from the overtime requirements of the FLSA.

26. Plaintiff's work for Defendant followed the usual path of employer-employee relationships; Defendant treated him as an independent contractor only for tax purposes and for Defendant's convenience.

27. Defendant, at all times relevant hereto, knew that Plaintiff was acting as an employee, rather than as an independent contractor, and treated him as an employee.

28. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

29. Plaintiff and other Security Officers did not financially invest in Defendant's business.

30. Plaintiff and other Security Officers did not share in the profits or losses of the Defendant's business.

31. Defendant, not Plaintiff or other Security Officers, set prices for services.

32. Defendant determined Plaintiff's and other Security Officers' pay scale for services without input from or negotiation with Plaintiff or other Security Officers.

33. Defendant, not Plaintiff or other Security Officers, decided whether and how many other employees to hire.

34. Plaintiff and other Security Officers were hired to work for Defendant for a continuous and ongoing period of time.

35. Plaintiff and other Security Officers did not have any control of or authority over any employee's rate of pay or working hours.

36. Defendant set the Defendant's business policies and rules and had complete control over the venue.

37. Defendant required Plaintiff and other Security Officers to follow Defendant's business policies and rules.

38. Defendant required Plaintiff and other Security Officers to wear a uniform.

39. Defendant made decisions on advertising Defendant's business without Plaintiff's or other Security Officers input.

40. Plaintiff and other Security Officers could not refuse an assignment or they would risk being disciplined, up to and including termination.

41. Plaintiff and other Security Officers were required to arrive at work at the time determined by Defendant and remain until their shift was over.

42. If Plaintiff or other Security Officers did not arrive at the time mandated by Defendant, or if Plaintiff or other Security Officers left before their shift was over, Plaintiff and other Security Officers risked being disciplined, up to and including termination.

43. Plaintiff and other Security Officers were paid the same hourly rate for all hours worked, including hours worked over 40 in a week.

44. In other words, Defendant did not pay Plaintiff and other Security Officers an overtime premium for hours worked over 40 in a week.

45. Plaintiff and other Security Officers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

46. Plaintiff and other Security Officers are entitled to 1.5x their base hourly rate for hours worked over 40 each week.

47. At Defendant's instruction, Plaintiff and other Security Officers recorded their hours via paper timesheet, which they submitted at the end of each pay period.

48. Defendant knew or should have known that Plaintiff and other Security Officers were working hours over 40 each week.

49. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Security Officers violated the FLSA and Virginia statutes.

50. In February of 2022, Defendant reclassified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

51. Plaintiff did not have the authority to hire or fire other employees, nor were his recommendations as to hiring or firing given particular weight.

52. Defendant did not consult Plaintiff about hiring or firing any other employee.

53. Plaintiff did not exercise discretion or independent judgment as to matters of significance.

54. In carrying out his duties, Plaintiff followed the processes put in place by Defendant and others.

55. Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

56. Plaintiff's duties were essentially the same during the time Defendant classified him as a salaried employee as when Defendant classified him as an hourly independent contractor.

57. After Plaintiff became a salaried employee, Defendant regularly rejected Plaintiff's timecard when he worked hours over 40 in a week and accurately recorded that time. Defendant required Plaintiff to re-submit an inaccurate timecard that indicated he worked only 40 hours per week.

58. At all relevant times herein, Defendant has deprived Plaintiff and other Security Officers of proper overtime compensation for all the hours worked over forty per week.

59. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the Virginia statutes.

## V. REPRESENTATIVE ACTION ALLEGATIONS

60. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

61. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

  A. Overtime premiums for all hours worked in excess of forty each week;

  B. Liquidated damages; and

  C. Attorney's fees and costs.

62. Plaintiff proposes the following collective under the FLSA:

> **All Security Officers who worked over 40 hours in any week within the past three years in the last three years.**

63. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

64. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

65. The members of the proposed FLSA collective are similarly situated in that they share these traits:

  A. They were classified by Defendant as exempt from the overtime requirements of the FLSA;

  B. They had substantially similar job duties and requirements;

  C. They were not paid an overtime premium for hours worked over 40 each week; and

  D. They were subject to the numerous policies and practices described above.

66. Plaintiff's claims are essentially the same as those of the putative collective.

67. Defendant's unlawful conduct is pursuant to a corporate policy or practice.

68. Plaintiff is unable to state the exact number of potential members of the FLSA collective but believes that the collective exceeds 20 persons.

69. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

70. The names, addresses and cell phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, email, and first class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

71. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

72. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

73. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

74. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

75. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

76. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

77. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

78. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

79. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

80. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

81. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

82. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

83. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

84. During the period relevant to this lawsuit, Defendant misclassified Plaintiff and all others similarly situated as exempt from the overtime requirements of the FLSA.

85. Despite the entitlement of Plaintiff and all others similarly situated to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff and all others similarly situated lawful overtime wages for all hours worked over forty each week.

86. Defendant failed to pay Plaintiff and all others similarly situated a lawful minimum wage for all hours worked.

87. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

88. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all others similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VIII.   THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the VOWA)

89. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

90. At all times relevant herein, Defendant was an "employer" of Plaintiff within the meaning of the VOWA, Va. Code Ann. § 40.1-29.2(A).

91. At all times relevant herein, Plaintiff was an "employee" of Defendant within the meaning of the VOWA, Va. Code Ann. § 40.1-29.2(A).

92. The VOWA requires employees to pay employees 1.5x their regular rate of pay for hours worked over 40 in a week. Va. Code Ann. § 40.1-29.2(B).

93. Defendant misclassified Plaintiff as exempt from the overtime requirements of the VOWA.

94. Defendant failed to pay Plaintiff an overtime premium of 1.5x his regular rate of pay for hours worked over 40 each week.

95. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith

96. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, interest, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## IX.   FOURTH CAUSE OF ACTION
### (Individual Claim for Violation of Va. Code Ann. § 40.1-28.7:7)

97. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

98. Defendant misclassified Plaintiff as an independent contractor.

99. Defendant is liable to Plaintiff for damages to include the amount of any wages, salary, employment benefits, including expenses incurred by the employee that would otherwise have been covered by insurance, or other compensation lost, a reasonable attorneys fee and costs.

## X.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Mark Carman, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the VOWA, Va. Code Ann. § 40.1-28.7:7 and their related regulations;

D. Judgment for damages owed to Plaintiff and others similarly situated under the FLSA, the VOWA, Va. Code Ann. § 40.1-28.7:7 and their related regulations;

E. Judgment for liquidated damages owed to Plaintiff and others similarly situated pursuant to the FLSA and the VOWA;

F. For a reasonable attorneys' fee, costs, and pre-judgment interest; and

G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**MARK CARMAN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

*/s/ Krista Sheets*
Krista Sheets (Vir. Bar No. 97730)
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
krista@sanfordlawfirm.com