IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| MARK CARMAN, Individually and on Behalf of All Others Similarly Situated | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Case No: 2:22-cv-313-AWA-RJK |
| PORTSMOUTH REDEVELOPMENT AND HOUSING AUTHORITY | ) ) ) ) |
| Defendant. | ) |

**JOINT STIPULATION REGARDING CLASS CERTIFICATION
AND NOTICE TO COLLECTIVE ACTION MEMBERS**

Plaintiff Mark Carman ("Plaintiff") by and through his attorney Krista Sheets of Sanford Law Firm, PLLC, and Defendant, Portsmouth Redevelopment and Housing Authority, ("Defendant"), by and through their attorneys Susan North and Jonathan Gonzalez of Gordon Rees Scully Mansukhani, LLP, do jointly submit this stipulation and respectively show the court as follows:

1. Plaintiff filed his Complaint on July 21 (ECF No. 1). In his Complaint, Plaintiff sought to represent himself and all persons employed by Defendant as Security Officers in the last three years. *See* ECF No. 1.

2. The Parties have conferred regarding the Complaint and the collective action allegations therein. The Parties have agreed to stipulate to conditional certification of the following collectives pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"):

    **1. All Security Officers who worked over 40 hours in any week while classified as independent contractors between June 1, 2021 and February 28, 2022.**

Page 1 of 4
Mark Carman, et al. v. Portsmouth Redevelopment and Housing Authority
U.S.D.C. (E.D. Va.) Case No. 3222-cv-313-AWA-RJK
Joint Stipulation Regarding Class Certification and Notice to Collective Action Members

>    2. **All Security Officers who worked over 40 hours in any week while classified as salaried employees between February 1, 2022 and July 21, 2022.**

3. The Parties have conferred regarding the composition of the proposed collectives and agree that they consist of approximately 6 individuals, not including Plaintiff.

4. The parties stipulate that the members of the proposed collectives are similarly situated solely for the purposes of conditional certification of this collective action.

5. The FLSA's collective action device allows one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). *See Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995). The Supreme Court has expressly held that courts may implement the collective action procedure by facilitating the issuance of notice to potential class members. *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989). Court-authorized notice protects against misleading communications by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures that joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. *Id*. at 170-72.

3. By stipulating to conditional certification of the FLSA Collectives, Defendant does not admit that it has in any way violated the FLSA or any other law and does not waive its right to contest this case on the merits or to argue later that the FLSA Collectives should be decertified. Further, Defendant does not waive its right to contest Plaintiff's claims that he was improperly classified, whether as an independent contractor or a salaried employee exempt from overtime. Defendant maintains its classification of security officers as independent contractors was proper. Defendant also maintains its salaried employees in the security department were properly classified as exempt from overtime.

Page 2 of 4
Mark Carman, et al. v. Portsmouth Redevelopment and Housing Authority
U.S.D.C. (E.D. Va.) Case No. 3222-cv-313-AWA-RJK
Joint Stipulation Regarding Class Certification and Notice to Collective Action Members

4.  The Parties have attached for Court approval their proposed Notice of Overtime Lawsuit ("Notice") as Exhibit "1" and their proposed Consent to Join Collective Action ("Consent") as Exhibit "2," as well as their proposed Text of Electronic Transmissions ("Electronic Notice") as Exhibit "3."

5.  Within 10 days of the Court's Order adopting this Stipulation and approving the attached Notice and Consent, Defendant shall deliver to Plaintiff's counsel an electronic database that contains the names, email addresses and last known mailing addresses of all known FLSA Class members (the "FLSA Class List").

6.  Within 7 days of Defendant providing the FLSA Collective List, Plaintiff's counsel shall distribute via U.S. mail and email the Notice and Consent to the known members of the FLSA Collective.

7.  Thirty days after the date of mailing and/or emailing of the Notice and Consent, Plaintiff's counsel shall mail and email (if an email address is available) a reminder notice in the form attached as Exhibit "4" to all members of the FLSA Collective who have not returned a Consent.

7.  All FLSA Collective Members who wish to joint this lawsuit must either file a Consent with the Court or fax or email a Consent to Plaintiff's Counsel within ninety (90) days of the date that the Notice and Consent are first mailed by Plaintiff's counsel.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order approving the terms of this Stipulation and approving the Notice, Consent, Electronic Notice, and Reminder Notice attached as Exhibits 1-4 respectively.

Page 3 of 4
Mark Carman, et al. v. Portsmouth Redevelopment and Housing Authority
U.S.D.C. (E.D. Va.) Case No. 3222-cv-313-AWA-RJK
Joint Stipulation Regarding Class Certification and Notice to Collective Action Members

Respectfully submitted,

**MARK CARMAN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

*/s/ Krista Sheets*
Krista Sheets
Virginia State Bar No. 97730
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
krista@sanfordlawfirm.com

and   **PORTSMOUTH REDEVELOPMENT AND HOUSING AUTHORITY, DEFENDANT**

*/s/ Jonathan W. Gonzalez*
Susan Childers North (VSB #43068)
Jonathan W. Gonzalez (VSB #92259)
Gordon Rees Scully Mansukhani, LLP
5425 Discovery Park Boulevard Suite 200
Williamsburg, VA 23188
T : 757-903-0870
F : 757-401-6770
snorth@grsm.com
jwgonzalez@grsm.com

Page 4 of 4
Mark Carman, et al. v. Portsmouth Redevelopment and Housing Authority
U.S.D.C. (E.D. Va.) Case No. 3222-cv-313-AWA-RJK
Joint Stipulation Regarding Class Certification and Notice to Collective Action Members