IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| MARK CARMAN, Individually and on Behalf of All Others Similarly Situated ) ) ) Plaintiff, ) ) v. ) PORTSMOUTH REDEVELOPMENT AND HOUSING AUTHORITY ) ) ) ) ) Defendant. ) | Case No: 2:22-cv-313-AWA-RJK |

**CONSENT ORDER REGARDING COLLECTIVE CERTIFICATION
AND NOTICE TO COLLECTIVE ACTION MEMBERS**

Plaintiff Mark Carman ("Plaintiff") and Defendant, Portsmouth Redevelopment and Housing Authority, ("Defendant") ("Parties"), by counsel, move the Court for an Order Regarding Collective Certification and Notice to Collective Action Members. The Court having been advised of the agreement of the Parties by the endorsement of all counsel, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff filed his Complaint on July 21, 2022. In his Complaint, Plaintiff sought to represent himself and all persons employed by Defendant as Security Officers in the last three years. (ECF No. 1).

2. The Parties have conferred regarding the Complaint and the collective action allegations therein. To avoid the time and expense in litigating the appropriateness of class or collective certification, and subject to paragraph 6 below, the parties have agreed to stipulate to conditional certification of the following collectives pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"):

1. **All Security Officers who worked over 40 hours in any week while classified as independent contractors between June 1, 2021 and February 28, 2022.**

2. **All Security Officers who worked over 40 hours in any week while classified as salaried employees between February 1, 2022 and July 21, 2022.**

3. The Parties have conferred regarding the composition of the proposed collectives and agree that they consist of approximately 6 individuals, not including Plaintiff.

4. The parties stipulate that the members of the proposed collectives are similarly situated solely for the purposes of conditional certification of this collective action (the "FLSA Collective" hereafter).

5. The FLSA's collective action device allows one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). *See Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995). The Supreme Court has expressly held that courts may implement the collective action procedure by facilitating the issuance of notice to potential class members. *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989). Court-authorized notice protects against misleading communications by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures that joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. *Id*. at 170-72.

6. By stipulating to conditional certification of the FLSA Collectives, Defendant does not admit that it has in any way violated the FLSA or any other law and does not waive its right to contest this case on the merits or to argue later that the FLSA Collectives should be decertified.

7. The Court approves use of the Notice of Overtime Lawsuit ("Notice"), the proposed Consent to Join Collective Action ("Consent"), the text of the Electronic Notice ("Electronic Notice"), and the Text of Reminder Notice ("Reminder Notice"), attached as Exhibits 1-4 to the Joint Stipulation.

8. Within 10 days of the entry of this Order, Defendant shall deliver to Plaintiff's counsel an electronic database that contains the names, email addresses and last known mailing addresses of all putative FLSA Collective members (the "FLSA Collective List").

9. Within 7 days of Defendant providing the FLSA Collective List, Plaintiff's counsel shall distribute via U.S. mail and email the Notice and Consent to the putative members of the FLSA Collective.

10. Thirty days after the date of mailing of the Notice and Consent, Plaintiff's counsel shall mail and email a Reminder Notice to all members of the FLSA Collective who have not returned a Consent.

11. Any and all FLSA Collective Members who wish to join this lawsuit must either file a Consent with the Court or fax or email a Consent to Plaintiff's Counsel within 90 days of the date that the Notice and Consent are first mailed by Plaintiff's Counsel.

**It is so ORDERED**.

/s/ Arenda L. Wright Allen
Arenda Wright Allen
United States District Judge

Norfolk, Virginia
Date: February 10, 2023

WE ASK FOR THIS

**MARK CARMAN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

*/s/ Krista Sheets*
Krista Sheets
Virginia State Bar No. 97730
Counsel for Plaintiff
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
krista@sanfordlawfirm.com

and **PORTSMOUTH REDEVELOPMENT AND HOUSING AUTHORITY, DEFENDANT**

*/s/ Jonathan W. Gonzalez*
Susan Childers North (VSB #43068)
Jonathan W. Gonzalez (VSB #92259)
Counsel for Defendant
Gordon Rees Scully Mansukhani, LLP
5425 Discovery Park Boulevard Suite 200
Williamsburg, VA 23188
T : 757-903-0870
F : 757-401-6770
snorth@grsm.com
jwgonzalez@grsm.com