IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**MARK CARMAN, individual and
on Behalf of All Others Similarly
Situated**

    **Plaintiff(s),**

v.                                Civil Action No. 2:22-cv-00313

**PORTSMOUTH REDEVELOPMENT
AND HOUSING AUTHORITY,**

    **Defendant.**

## DECLARATION OF EDWARD BLAND

I, **EDWARD BLAND**, do hereby declare and certify under the penalty of perjury that the following is true and correct:

1. My name is Edward Bland. I am over the age of eighteen. This Declaration (hereinafter "Declaration") is based upon my personal knowledge.

2. I submit this Declaration in support of Defendant's Motion for Summary Judgment and supporting Memorandum of Law.

3. I am employed by Portsmouth Redevelopment and Housing Authority ("PRHA") as the Executive Director.

4. As Executive Director, I oversee all operations of PRHA, including the security department. I personally know the Plaintiff Mark Carman. I hired him as an employee of PRHA in February 2022 to be the manager of the security department. It was his responsibility to manage all aspects of the security department, which included managing at least three full-time employees. As the manager, Mr. Carman had the authority to provide input into employee hiring and disciplinary decisions and into creating and implementing policy and procedures. He also made

**EXHIBIT 1**

the schedules for the employees and he had general authority to make sure PRHA's properties were patrolled and all daily tasks were performed, such as completing daily logs and investigations. For example, PRHA had a change in the use of force and weapons policy which Mr. Carman implemented and enforced as manager of the security department. He also was the compliance officer for all certifications and training needed in his department and he was designated the manager for fire rescue and/or the police to call if there were emergencies. No other managers existed in that department for the security guards, Plaintiff Carman was the only one and he was the only person who performed managerial duties in the department. He reported directly to me for a short period of time and then to Valerie Jenkins, Director of Asset Management.

5. I hired Plaintiff Carman to be a salaried-exempt manager who was paid a fixed annual salary of $48,620 in bi-weekly payments of $1,870.00 without eligibility for overtime. This is more than minimum wage and more than the $684 per week required salary to be exempt. The hours he worked fluctuated from week to week.

6. I specifically believed that the position for which I hired Plaintiff Carman to perform was exempt under the Fair Labor Standards Act based on my understanding of what exempt meant under the Executive exemption. I knew that Mr. Carman had to be paid a salary of at least $684 per week and that he must supervise the equivalent of at least two full-time employees and perform primarily managerial duties. I based my understanding of these requirements on a review of the Department of Labor's website and fact sheets. Plaintiff Carman was expected to generally perform the duties outlined in the job description attached as Exhibit 5 to the memorandum of law in support of PRHA's motion for summary judgment. This job description states that the position is exempt.

Pursuant to 28 U.S. Code § 1746, I have made this Declaration voluntarily. I have been promised no benefit, nor threatened with any reprisal in connection with this Declaration. This Declaration does not constitute all facts about which I may have knowledge, however. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 9, 2023.