IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**MARK CARMAN, individual and**
**on Behalf of All Others Similarly**
**Situated**

        **Plaintiff(s),**

v.                                                        Civil Action No. 2:22-cv-00313

**PORTSMOUTH REDEVELOPMENT**
**AND HOUSING AUTHORITY,**

        **Defendant.**

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Portsmouth Redevelopment and Housing Authority ("Defendant" or "PRHA"), by counsel, and pursuant to Local Rule 7 and Rule 56 of the Federal Rules of Civil Procedure, states as follows in support of its Reply Brief In Support of Its Motion for Partial Summary Judgment:

Plaintiff admits that the fluctuating work week applies to Plaintiff if he is deemed to be no-exempt. Thus, any potential damages will be governed by same.

Next, Defendant states that Plaintiff's opposition to Defendant's Motion for Partial Summary Judgment is nothing more than Plaintiff's emotional response to the fact that he did not have carte blanche control over the security department like he wanted while he was employed. Defendant already stated this fact in its opening brief. The fact is, Plaintiff agreed to and was hired to be the manager of the department and he admitted this in his deposition. See Statement of Undisputed Facts at 3. Plaintiff attempts to argue that he was not permitted to do things the way he saw fit and that he primarily performed security guard services himself. Even if this is all true,

this does not affect Plaintiff's exempt status.  The Fourth Circuit looks at the "significance of the managerial tasks to the success of the facility" to properly assess the relative importance of an employee's managerial tasks compared to his non-managerial work.  See Pollard v. GPM Invs., LLC., No. 3:10CV-115, 2011 U.S. Dist. LEXIS 24199 *6 (E.D. Va. March 10, 2011).  Further, the Fourth Circuit held in Jones v. Virginia Oil Co., 59 F. Appx. 633, 638 (4th Cir. 2003) that even though a manager spent seventy-five to eighty percent of her job carrying out non-managerial tasks, like cooking, cleaning the store and bathrooms, working the cash register and stocking shelves, she was exempt because she carried out the important duties of the department.  This is similar to Plaintiff Carman.  He performed regular security guard duties much of the time but he was the only employee who received all the daily reports and reviewed them, he was the only employee who reeived emergency calls from the fire station and police, he was the only employee who sent the schedules for ultimate approval and he was the only employee in charge making sure all security guards had the proper license and certifications and who implemented policies decided by executive management.  Facts at 3. Finally, even if Plaintiff's Carman's recommendations and input were reviewed at a higher level, he still exercised sufficient independent discretion and judgment.  See 29 C.F.R. §541.202.  No other security guard in the department had these responsibilities and no one received a guaranteed salary like Plaintiff Carman did.  Facts at 3-4.  Accordingly, the Court should find that Plaintiff was exempt from overtime during the time he was employed as the manager and grant Defendant's Motion for Partial Summary Judgment on this point.  Further, and alternatively, based on Plaintiff's admission that the fluctuating work week applies to Plaintiff Carman if he is non-exempt, Defendant's Motion for Partial Summary Judgment should be granted that the fluctuating work week applies to Plaintiff Carman's damages.

Finally, if the Court finds that Plaintiff is non-exempt, then Defendant has proffered sufficient evidence to support that liquidated damages are not appropriate because Defendant had a good-faith belief it was paying Plaintiff Carman lawfully as an exempt employee.  Facts at 6.  Defendant has not proffered sufficient evidence to counter Defendant's evidence of its good-faith efforts in this matter.

PORTSMOUTH REDEVELOPMENT

AND HOUSING AUTHORITY

By: /s/ Jonathan W. Gonzalez
Susan Childers North, Esq. (VSB #43068)
Jonathan W. Gonzalez, Esq. (VSB # 92259)
Gordon Rees Scully Mansukhani, LLP
5425 Discovery Park Boulevard Suite 200
Williamsburg, VA 23188
T: 757-903-0870
F: 757-401-6770
snorth@grsm.com
jwgonzalez@grsm.com
*Counsel for Portsmouth Redevelopment and Housing Authority*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of July, 2023, I electronically filed the foregoing with the Clerk of Court via the CM/ECF System, which will send electronic notification to the following:

Sean Short, Esq.
Krista Sheets (VSB #97730)
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, AR 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
sean@sanfordlawfirm.com
krista@sanfordlawfirm.com
    *Counsel for Plaintiff*

    /s/ Jonathan W. Gonzalez
Jonathan W. Gonzalez, Esq. (VSB #92259)
Gordon Rees Scully Mansukhani, LLP
5425 Discovery Park Boulevard Suite 200
Williamsburg, VA 23188
T: 757-903-0875
F: 757-401-6770
jwgonzalez@grsm.com
*Counsel for Portsmouth Redevelopment and Housing Authority*