IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**MARK CARMAN**
*Individually and on behalf of All Others Similarly Situated*,

       Plaintiff,                                  Civil Action No: 2:22cv313

    v.

**PORTSMOUTH REDEVELOPMENT AND HOUSING AUTHORITY,**

       **Defendant.**

**RULE 16(b) SCHEDULING ORDER**

       The parties have reported to the Court in accordance with Federal Rule of Civil Procedure (hereinafter "Rule") 26(f). The Court **ORDERS** the following schedule. Counsel seeking to request variations or extensions to this Order must do so by filing a written motion, with indications of whether each party consents or objects to the extensions, and showing good cause for the requested schedule modification. Any changes will be permitted only with Court approval (regardless of party stipulations), and only by written Order.

       1.     Trial shall commence on **October 24, 2023 at 10:00 a.m.**, at Norfolk. Unless otherwise ordered by the Court, any party intending to offer exhibits at trial shall place them in a binder, properly tabbed, numbered, and indexed, and the original and two copies shall be delivered to the Clerk, with copies in the same form to the opposing party, **on or before October 17, 2023**. *See* Paragraph Eight. The submitting party may substitute photographs for demonstrative or sensitive exhibits. All Rule 26(a)(3) Disclosures (witness lists), proposed exhibit lists and motions *in limine* must be exchanged **on or before September 22, 2023**. *See* Paragraphs Five and Six. The Court will not entertain new witnesses or exhibits being listed, or motions *in limine* being made, for the first time after this date. All **objections and responses** to these trial documents that are not resolved at the Attorney Conference must be filed formally no later than **October 5, 2023**, and presented for review and resolution at the Pretrial Conference. *See* Paragraphs Five, Six and Eight for more information.

2. The party having the burden of proof upon the primary issue to which potential Rule 702, 703 or 705 evidence is directed **shall identify expert witnesses** to be proffered upon such an issue by name, residence and business address, occupation and field of expertise on **March 24, 2023**. The expert disclosures outlined in Rule 26(a)(2)(B) shall be made on **April 24, 2023**. In addition to the disclosures required by Rule 26(a)(2)(B), the same disclosures shall be made on the same dates regarding all witnesses proffered by a party for the purpose of presenting evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence, whose first direct contact with the case or the parties occurred subsequent to the filing of this action. Rule 702, 703 or 705 **disclosures intended solely to respond to, contradict or rebut evidence** on the same subject matter disclosed by another party pursuant to paragraph (a)(2)(B) of Rule 26, or pursuant to this Order, shall be made on **May 8, 2023**. Any rebuttal disclosure by the party bearing the initial burden of proof shall be made on **May 22, 2023**, and shall be limited as to source to expert witnesses previously identified. Further rebuttal to evidence related to Rule 702, 703 or 705 shall be permitted only by leave of this Court after written motion.

3. Discovery shall be commenced timely and, except as to expert witnesses, shall be completed by **ALL PARTIES** on or before **May 30, 2023**. "Completed" means that interrogatories, requests for production, and requests for admission must be served at least thirty days prior to the established completion date so that responses thereto will be due on or before the completion date. All subpoenas issued for discovery shall be returnable on or before the completion date. Unrepresented parties may request subpoenas of witnesses for depositions or trial, but such requests must be accompanied by a memorandum containing the name, address and purpose of the testimony of each witness and be approved in advance of issuance by a Judge or Magistrate Judge of this Court. Such approval shall not preclude any witness from contesting a summons. In accordance with Rule 5(d), depositions upon oral examination and upon written questions, interrogatories, requests for production, requests for admission, notices for depositions and production, requests for disclosure of expert information, expert information,

disclosures, and answers and responses or objections to such discovery requests shall not be filed with the Court until they are used in the proceeding, or ordered filed by the Court. The party taking a deposition or obtaining material through discovery is responsible for its preservation and delivery to the Court if sought to be used by any party or ordered filed. All parties are advised that any failure to comply with discovery orders that are issued by the Court may result in dismissal or other severe sanctions pursuant to Federal Rule of Civil Procedure 37(b).

      4.    All discovery of experts, and all depositions taken by the proponent of a witness for presentation in evidence in lieu of the appearance of the witness at trial, shall be concluded on or before **June 6, 2023**.

      5.    As noted, the pretrial disclosures required by Rule 26(a)(3) (witness lists), proposed exhibit lists and motions *in limine* shall be delivered to all counsel and unrepresented parties on or before **September 22, 2023**. Any objections to these disclosures not resolved at the Attorney Conference shall be filed and delivered to all counsel and unrepresented parties on or before **October 5, 2023**. If objections remain unresolved, they will be heard at the Final Pretrial Conference. Final versions of trial documents will be compiled at the Final Pretrial Conference as part of the Final Pretrial Order. The failure to deliver timely objections to Rule 26(a)(3) disclosures shall constitute a waiver of the right to object. Wherever delivery to counsel or unrepresented parties (as opposed to delivery to the Clerk) is required by this Order, facsimile transmission or equivalent electronic transmission during normal business hours on the due date, accompanied by simultaneous service by mail, shall be considered timely.

      6.    An Attorney Conference is scheduled in the office of counsel for Plaintiff, or at the office of any counsel mutually agreed upon by the parties, on **September 29, 2023 at 2:00 p.m.** The meeting may be scheduled at another time on that date by mutual consent of the parties. Counsel and unrepresented parties shall meet in person and confer for the purpose of reviewing the pretrial disclosures required by Rule 26(a)(3) (witness lists), proposed exhibit lists and motions *in limine* and resolving possible responses and objections to them, preparing stipulations, and

marking the exhibits to be included in the final Pretrial Order outlined in Paragraph 7. With the exception of rebuttal or impeachment, any information required by Rule 26(a)(3) that is not timely disclosed, delivered, and incorporated in the proposed final Pretrial Order shall result in the exclusion of the witnesses, depositions, and exhibits which are the subject of such default.

    7. A Final Pretrial Conference shall be conducted on **October 12, 2023 at 10:00 a.m.**, at the courthouse in Norfolk, at which time trial counsel and unrepresented parties shall appear and present a proposed Final Pretrial Order setting forth: (1) a stipulation of undisputed facts; (2) identification of documents, summaries of evidence, and exhibits in accordance with Rule 26 (a)(3)(A)(iii) to which the parties agree; (3) identification of Rule 26(a)(3)(A)(iii) materials sought to be introduced by any party to which there are unresolved objections, stating the particular grounds for each objection, and arranging for the presence of any such materials at this conference; (4) identification of witnesses in accordance with Rule 26(a)(3)(A)(i), indicating any unresolved objections to the use of a particular witness and the grounds therefor, and designating those witnesses expected to testify by deposition in accordance with Rule 26(a)(3)(A)(ii); (5) the factual contentions of each party; and (6) the triable issues as contended by each party. Preparation of the Final Pretrial Order shall be the responsibility of all counsel and unrepresented parties. Counsel for the Plaintiff, or if the Plaintiff is unrepresented, counsel for the first-named Defendant, shall distribute a proposed final draft to all other counsel and unrepresented parties on or before **October 5, 2023**. Unresolved objections shall be noted in the proposed Final Pretrial Order, but any disagreements concerning the content of the final draft shall be resolved before the Final Pretrial Conference, at which time the parties shall present a complete and endorsed proposed draft of the Final Pretrial Order. Failure to comply with the requirements of this paragraph may result in the imposition of sanctions pursuant to Rule 16(f).

    8. Trial by jury has not been demanded. On or before **October 17, 2023**, each party shall file proposed findings of fact and conclusions of law. Counsel are also directed to confer and review the rulings from the Final Pretrial Conference,

and on or before **October 17, 2023**, each party shall file **FINAL REVISED** exhibit lists, witness lists (with brief summaries of the anticipated testimony of each witness), and trial memoranda. These filings shall reflect the rulings from the Final Pretrial Conference and the subsequent issues remaining for trial. In these post-Pretrial Conference filings, counsel shall identify and briefly summarize any objections to previously disclosed exhibits or witnesses that remain unresolved following the Final Pretrial Conference (with copies attached of any challenged exhibits and testimony summaries attached of any challenged witnesses). Counsel shall summarize any previously argued motions *in limine* for which rulings were reserved at the Final Pretrial Conference. No new exhibits, witnesses, or motions *in limine* not addressed at the Final Pretrial Conference will be entertained. As noted in Paragraph One, any party intending to offer exhibits at trial shall place them in a binder, properly tabbed, numbered, and indexed. A binder of the original exhibits, plus two binders containing full sets of copies, shall be delivered to the Court, and one copy to opposing parties, on or before **October 17, 2023**.

9. All dispositive motions, including summary judgment motions, in this action must be filed no later than **June 13, 2023**. Responses to summary judgment motions are due **June 27, 2023** and replies are due **July 5, 2023.** No motions pertaining to the merits of any aspect of this case will be permitted after that date without the written stipulation of all parties, and the filing of a formal motion for leave to so move. If deemed necessary by the Court, a summary judgment motion hearing will be conducted at a later time at the courthouse in Norfolk.

a. Disposition of motions for summary judgment is left to the discretion of the Court, and such motions may or may not be resolved prior to trial.

b. Counsel must file a brief in support of any motion or response to a motion as required by Local Civil Rule 7(F).

c. Briefs may not exceed the page limits set by Local Civil Rule 7(F)(3) without an order of the Court authorizing this granted in advance of the deadline for the briefs.

    d. Counsel filing a dispositive or partially dispositive motion against a *pro se* party must comply with the notice requirements of Local Civil Rule 7(K).

    e. The nine-element signature block of counsel of record must be on all pleadings and motions filed with the Court. Local counsel are required to sign the pleading. *See* Local Civil Rule 83.1(F) for the responsibilities of counsel.

  10. Pursuant to Local Civil Rule 83.6, counsel for the parties are DIRECTED to contact Brittney Titus at 757-222-7228, within thirty days of entry of this Order to schedule a settlement conference. This settlement conference may be completed at any time as long as it commences at least 120 days before the scheduled trial.

  December 6, 2022           /s/
    Date             Arenda Wright Allen
               United States District Judge